

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD WHITE, Petitioner, | : : : |
| v. | : CIVIL ACTION NO. 10-CV-0547 |
| JEFFREY BEARD, *et al.*, Respondents. | : : : |

**MEMORANDUM**

FILED
OCT 29 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**KELLY, ROBERT F.**　　　　　　　　　　　　　October 29, 2018

Petitioner filed his second motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) on September 27, 2018. (ECF No. 41.) Petitioner filed his petition for *habeas corpus* relief in this matter on February 8, 2010. (ECF No. 1.) The petition was denied on May 31, 2011. (ECF No. 29.) Petitioner filed his first Rule 60(b) motion on June 27, 2011. (ECF No. 30.) This Court dismissed that motion on August 19, 2011, because it was construed as an unauthorized successive petition. (ECF No. 33.) The United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability on February 2, 2012. (ECF No. 38.)

In the instant motion Petitioner claims that his trial counsel was ineffective. He relies on *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017) in support of his position that he is entitled to Rule 60(b) relief. In *Satterfield*, the Third Circuit examined the application of the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924 (2013). In *McQuiggin*, the Supreme Court held that a convincing showing of actual innocence may overcome the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). 569 U.S. at 386 However, *McQuiggin* also held that for the untimeliness of a *habeas* petition to be excused under

the fundamental miscarriage of justice exception a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 386, 401.

In *Satterfield*, the Third Circuit reversed the denial of a Rule 60(b) motion filed by a petitioner who claimed that *McQuiggin* was a change in law which constituted extraordinary circumstances and justified relief under Rule 60(b). 872 F.3d at 155. The Third Circuit remanded to the district court and directed a full consideration of equitable circumstances because the panel considered that the district court had not "articulate[d] the requisite equitable analysis." *Id.* The Third Circuit directed that on remand the district court consider:

> The nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. *McQuiggin* implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had *McQuiggin* been decided when his petition was dismissed, equitable analysis would weigh heavily in favor of deeming *McQuiggin's* change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b) relief.

*Id.*

Both *Satterfield* and *McQuiggin* are inapplicable herein. The petition for *habeas corpus* relief filed in this matter was not dismissed because it was untimely. Petitioner's claims, including his claims for ineffective assistance of counsel, were considered on the merits and the petition was denied. (ECF No. 29.) Moreover, despite his assertions to the contrary Petitioner has not demonstrated extraordinary circumstances which warrant granting the requested relief. Petitioner has also failed to present evidence or otherwise demonstrated that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

2

Neither *Satterfield* nor *McQuiggin* altered the requirement that a petitioner seeking Rule 60(b) relief must show extraordinary circumstances. *See, Gonzalez v. Crosby*, 126 S.Ct. 2641, 2647-48 (2005). Therefore, there is no reason to disturb this Court's judgment of May 31, 2011, in which the petition for *habeas corpus* relief filed in this matter was denied.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).